## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PEDRO MONTENEGRO,<br>    Appellant, | DOCKET NUMBER<br>PH-0752-24-0419-I-1 |
|   v. | |
| DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>    Agency. | DATE:  July 8, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Pedro Montenegro, Cranston, Rhode Island, pro se.

Diane Tardiff and Edward Carney, Esquire, Bedford, Massachusetts,
 for the agency.

Michael Potter, Esquire, Providence, Rhode Island, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge correctly concluded that the appellant did not prove or even nonfrivolously allege that he was an "employee" with the right to appeal an adverse action to the Board pursuant to 5 U.S.C. chapter 75. Initial Appeal File, Tab 12, Initial Decision at 4-5. For an individual in the excepted service who is not preference eligible, such as the appellant, an "employee" is defined as an individual "who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service" or an individual "who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." 5 U.S.C. § 7511(a)(1)(C); *see Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶¶ 7-8 (2005). By all indications, the appellant does not meet this definition. He has presented no substantive argument to the contrary.

On petition for review, the appellant continues to argue the merits of his termination instead. He also presents several arguments for the first time, including assertions that he feels "discriminated against [as] a person related to a veteran," that the agency violated collective bargaining agreement (CBA) provisions, and that he is an employee as defined in 5 U.S.C. § 2105. Petition For

Review (PFR) File, Tab 1 at 4-5.  The appellant has not explained why his new arguments could not have been raised before the administrative judge, and thus the Board need not consider them.  *See, e.g.*, *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  In any event, these arguments provide no basis to disturb the administrative judge's determination to dismiss the appeal for lack of jurisdiction.

Whether the appellant meets the definition of "employee" under 5 U.S.C. § 2105(a) does not change the disposition of this appeal.  The relevant definition for purposes of determining whether an individual has the right to appeal an adverse action to the Board pursuant to 5 U.S.C. chapter 75 is set forth in 5 U.S.C. § 7511(a)(1).  *See* 5 U.S.C. §§ 7511(a)(1), 7513(d); *Ellefson*, 98 M.S.P.R. 191, ¶ 8.  Further, the appellant's arguments regarding the merits of his termination and his claim that the agency violated the terms of the CBA are not relevant to the threshold issue of jurisdiction.  *See, e.g.*, *Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 11 (2015).

To the extent that the appellant alleges that his termination constituted discrimination based on his relation to a veteran, the appellant may be attempting to allege that the agency violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA), which generally prohibits employment discrimination against a person on the basis of his performance of duty or obligation to perform duty in a uniformed service.  PFR File, Tab 1 at 4; *see* 38 U.S.C. § 4311(a); *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶¶ 6-7 (2010); *cf. Lourens v. Merit Systems Protection Board*, 193 F.3d 1369, 1371 (Fed. Cir. 1999) (holding that a spouse of a military service member was not entitled to the protections 38 U.S.C. § 4311(a) when she herself had not performed service in a uniformed service).  An appellant may file a USERRA appeal directly with the Board or may file a complaint with the Secretary of Labor under 38 U.S.C. § 4322.  5 C.F.R. § 1208.11.  Although there is no time limit for filing a USERRA appeal with the

Board, the Board encourages appellants to file a USERRA appeal as soon as possible after the date of the alleged violation or, if a complaint is filed with the Secretary of Labor, as soon as possible after receiving notice from the Secretary in accordance with 38 U.S.C. § 4322(e) that the Secretary's efforts have not resolved the complaint, or, if the Secretary has referred the complaint to the Special Counsel and the Special Counsel does not agree to represent the appellant, as soon as possible after receiving the Special Counsel's notice. 5 C.F.R. § 1208.12. We express no opinion regarding whether the appellant may have a viable claim under USERRA, but our decision in this appeal does not preclude the appellant from pursuing such a claim under appropriate procedures should he choose to do so.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If

you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                 _____
                               Gina K. Grippando
                               Clerk of the Board

Washington, D.C.